IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brad R. Johnson, ) | |
| ) | C.A. No. 4:10-664-TLW-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Laurel Woods Homeowners Association, ) | |
| Ronald Yeazel, d/b/a/ Taylor Made Towing, ) | |
| and Karl Travis, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is now before the Court on Plaintiff's "Motion to Recuse District Court Judge, Terry L. Wooten, Pursuant to 28 U.S.C. § 455(b)(1)." Plaintiff filed his motion on December 27, 2011. In his motion, Plaintiff summarily asserts the following: that plaintiff believes (1) there is a reasonable factual basis for calling the judge's impartiality into question; (2) that the judge has exhibited outward manifestations of partiality; (3) that the question about the judge's impartiality stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings; (4) that the public's confidence in the judiciary will be irreparably harmed if the case is allowed to proceed before a judge who appears to be tainted; and (5) that a reasonable person knowing all the relevant facts would harbor doubts about the judge's impartiality. In support of his motion plaintiff cites this Court's rulings on pending Report and Recommendations in other litigation Plaintiff has filed.

28 U.S.C. § 455 is entitled "Disqualification of justice, judge, or magistrate judge." Subsection (a) and (b)(1) provide as follows:

1

> (a)     Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b)     He shall also disqualify himself in the following circumstances:
>> (1)    Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Judicial recusals are governed by a framework of interlocking statutes. Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir.2011). Under 28 U.S.C. § 455(a), all judges of the United States have a general duty to disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. Under 28 U.S.C. § 455(b), Congress offers a list of other situations requiring recusal, including where a judge has a personal bias or prejudice concerning a party or when he has a financial interest in the subject matter in controversy that could be substantially affected by the outcome of the proceedings. However, bias or prejudice generally must be based on something other than what the judge has learned from his participation in the case. Id. (citing Liteky v. United States, 510 U.S. 540, 545 n. 1 (1994)). The Supreme Court explained that opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceeding, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion. Liteky, 510 U.S. at 554. Also, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Id. at 555. Furthermore, judicial remarks that are critical or disapproving of, or even hostile to counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge. Belue, 640 F.3d at 573 (citing Liteky, 510 U.S. at 554).

"In order to achieve recusal based on in-trial predispositions or bias, judicial conduct must be egregious and the party seeking recusal must overcome a high bar." Singletary v. South Carolina Dept. of Educ., 2012 WL 714796 (D. S.C. 2012) (citing United States v. Antar, 53 F.3d 568 (3d Cir.1995) (where the court held that recusal was justified because the judge stated that his objective in the case from day one had been to recover funds that the defendants had taken from the public));

2

see also Sentis Group, Inc. v. Shell Oil Co., 559 F.3d 888 (8th Cir.2009) (where recusal was appropriate because the judge directed profanities at Plaintiffs or Plaintiffs' counsel over fifteen times and refused to allow Plaintiffs to present their argument at the sanctions hearing). "While recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." Belue, 640 F.3d at 574.

After careful review and consideration, this Court finds Plaintiff's summary allegations to be devoid of any factual support to establish any bias or impartiality on behalf of this Court. The Court is not persuaded that its impartiality might reasonably be questioned. Accordingly, Plaintiff's motion to recuse the undersigned is **DENIED** as being without merit. (Doc. # 48).

**IT IS SO ORDERED.**

                               s/ Terry L. Wooten
                               **TERRY L. WOOTEN**
                               **UNITED STATES DISTRICT JUDGE**

April 9, 2012
Florence, South Carolina