UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BRAD R. JOHNSON, | ) | Civil Action No.: 4:10-cv-664-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| LAUREL WOODS HOMEOWNERS | ) | |
| ASSOCIATION, RONALD YEAZEL, | ) | |
| d/b/a TAYLOR MADE TOWING, and | ) | |
| KARL TRAVIS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the Court is Plaintiff's Motion for Recusal (Document # 47) of the undersigned. All pretrial matters in this case were automatically referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e). Plaintiff has filed numerous actions in this court and many, if not all, of his cases have been referred to the undersigned for pretrial management. Plaintiff asks for recusal of the undersigned based upon rulings and recommendations made in three previous cases, Johnson v. Hall, et al., No. 4:08-cv-2726-TLW-TER; Johnson v. Bryant, et al., No. 3:09-cv-102-TLW-TER; and Fitchett, et al. v. County of Horry, et al., No. 4:10-cv-1648-TLW-TER.

Plaintiff seeks recusal under both 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1). Section 144 mandates recusal when a party to a "proceeding in a district court" demonstrates by a timely and sufficient affidavit that the "judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Section 455(b)(1) requires recusal where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice ... must stem from an extrajudicial source ... other than what the judge learned from his participation in the case." United States v. Grinnell

Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). In applying the extrajudicial source doctrine, the Supreme Court has held that:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.

Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (citation omitted). The extrajudicial source doctrine applies under both 28 U.S.C. § 455 and 28 U.S.C. § 144. Grinnell, 384 U.S. at 582–83; Liteky, 510 U.S. at 550, 554.

Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1025 (7th Cir.2000). A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." United States, v. DeTemple, 162 F.3d 279, 287 (4th Cir.1998). Overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. Id. Here, Plaintiff does not produce evidence of bias or prejudice from an extrajudicial source. Rather, he cites to certain findings of fact made by the undersigned in the above mentioned cases and states in his verified statement that, based upon knowledge and belief, the undersigned "was motivated to conduct himself in this manner by an outside source . . . ." Plaintiff Verified Statement (attached as Exhibit 1 to Plaintiff's Motion) ¶ 4; see also Plaintiff Verified Statement ¶ 5 ("Based upon knowledge and belief, the Magistrate Judge was motivated by an outside source to deprive me of my right to a fair trial, a right that is protected by the U.S. Constitution."). Plaintiff's verified statement amounts to nothing more than speculation. His disagreement with a ruling of the undersigned is not a valid basis for recusal. See Liteky, 510 U.S. at 555. Thus, recusal is not appropriate.

The Fourth Circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Nakell v. Attorney Gen.

-2-

of N.C., 15 F.3d 319, 325 (4th Cir.1994) (citations and quotations omitted).  Accordingly, because there is no occasion for recusal in the present case, Plaintiff's Motion for Recusal (Document # 47) is denied.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 11, 2012
Florence, South Carolina